T.C. Summary Opinion 2009-195


UNITED STATES TAX COURT


LEEDREAU, LLC, LEONIA M. BOUDREAU, SOLE MEMBER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 30376-08S.              Filed December 15, 2009.


Leonia M. Boudreau, for petitioner.

Molly H. Donohue, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

The instant case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The issue presented is whether respondent may proceed with the collection action as so determined. Before us now is respondent's Motion For Summary Judgment.

## Background

Leonia M. Boudreau (Ms. Boudreau) resided in the State of Massachusetts when the petition was filed. During the periods at issue, Leedreau, LLC (the LLC), was a single-member limited liability company validly created under Massachusetts law.

Ms. Boudreau was the sole member of the LLC during the periods at issue. She did not elect to have the LLC treated as a corporation for Federal income tax purposes. All references to petitioner refer to the LLC and its sole member, Ms. Boudreau, who are treated as a single taxpayer under the regulations as discussed below.

## Petitioner's Tax Liability

The LLC failed to file Forms 941, Employer's Quarterly Federal Tax Return, for tax periods ended June 30, September 30, and December 31, 2005; and March 31, June 30, September 30, and December 31, 2006. In addition, the LLC failed to file a Form

940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for the tax period ended December 31, 2006.

Respondent generated Substitutes for Return pursuant to section 6020(b) for these tax periods and, consistent with existing procedures, assessed the taxes due.

Final Notices of Intent To Levy

On March 11, 2008, respondent issued a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to each of the tax periods at issue except the tax period ended December 31, 2005.

On April 1, 2008, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in respect of all of the tax periods at issue including the tax period ended December 31, 2005. Petitioner requested the hearing only on the basis that Ms. Boudreau was not a responsible officer of the LLC.

On September 4, 2008, respondent issued a Final Notice-- Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to the tax period ended December 31, 2005.

On September 25, 2008, petitioner timely submitted a Form 12153 for the tax period ended December 31, 2005, again stating only that Ms. Boudreau was not a responsible officer of the LLC.

Administrative Developments

A settlement officer from respondent's Appeals Office was assigned to petitioner's collection case for all of the tax periods at issue.

By letter dated October 8, 2008, sent to both petitioner and petitioner's authorized representative, the settlement officer scheduled a telephone conference for November 5, 2008. This letter also stated that in order for the settlement officer to consider a collection alternative, petitioner was required to submit: A collection information statement; signed tax returns for designated tax periods; and proof of Federal tax deposits for one tax period.

Neither petitioner nor petitioner's representative contacted the settlement officer at the scheduled time for the conference call. In addition, petitioner did not submit the requested information to the settlement officer.

Ultimately, on November 21, 2008, respondent's Appeals officer issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed levy.

Petition

On December 17, 2008, Ms. Boudreau filed the petition. In the petition Ms. Boudreau states that she disagrees with the notice of determination on the basis that the liability is not

her liability, as she was not a responsible officer of the LLC and the operation was leased to a third party.

On February 6, 2009, respondent filed the Answer to the petition.

Respondent's Motion for Summary Judgment

On August 13, 2009, respondent filed the Motion For Summary Judgment that is presently before the Court.

Hearing on Respondent's Motion For Summary Judgment

The Court calendared for hearing respondent's Motion For Summary Judgment on September 23, 2009.  Both parties appeared and were heard.  At the hearing petitioner filed an Objection to respondent's motion.

Respondent argues that because the LLC did not elect to be treated as a corporation for Federal tax purposes, Ms. Boudreau, as the sole member, is personally liable for the LLC's tax liabilities.

Ms. Boudreau argues that she should not be personally liable for the LLC's tax liabilities because she was not a responsible officer of the LLC.[2]  Ms. Boudreau contends that the LLC was leased to a third party who was permitted to use the taxpayer identification number of the LLC.  Ms. Boudreau further contends

---

[2]  In Petitioner's Objection to Respondent's Motion for Summary Judgment, petitioner conceded that Ms. Boudreau was a responsible officer for the period of Feb. 5, 2006, through Mar. 31, 2006.

that this lessee is responsible for the tax liabilities of the LLC pursuant to their lease agreement.

## Discussion

### A. Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b).

After carefully reviewing the record, we are satisfied that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's Motion For Summary Judgment.

### B. Respondent's Proposed Levy

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a taxpayer may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180-181.

Section 6330(d) grants the Court jurisdiction to review the Appeals Office's determination to proceed with collection action via levy after the hearing. When rendering a judgment as a matter of law, the standard of review makes no difference; we must reject erroneous views of the law. McCorkle v. Commissioner, 124 T.C. 56, 63 (2005).

Although petitioner was given the opportunity for an administrative hearing, neither petitioner nor petitioner's representative called the settlement officer at the appointed time. Petitioner has not alleged any spousal defenses, challenged the appropriateness of collection actions, or proposed any collection alternatives. Any such issue is now deemed to be conceded. See Rule 331(b)(4) ("Any issue not raised in the

assignments of error shall be deemed to be conceded."). Ms. Boudreau's only contention is that she is not liable for the taxes owed by the LLC because she was not a responsible officer of the LLC.

## C.  Check-the-Box Regulations

Sections 301.7701-1 through 301.7701-3, Proced. & Admin. Regs. (check-the-box regulations), provide rules for the classification of business entities for Federal tax purposes. These regulations provide rules and procedures for taxpayers to choose the tax treatment of their business entity.

Upon formation, a business entity, such as a limited liability company, with two or more members is treated as a partnership unless it elects to be treated as a corporation. Sec. 301.7701-3(b)(1)(I), Proced. & Admin. Regs.  However, a business entity with only one member is treated as a disregarded entity unless it elects to be treated as a corporation separate from its owner.  Sec. 301.7701-3(b)(1)(ii), Proced. & Admin. Regs.  A single-member entity must make an affirmative election on a Form 8832, Entity Classification Election, in order to be treated as a corporation separate from its owner.  Comensoli v. Commissioner, T.C. Memo. 2009-242.

Petitioner does not challenge the validity of the check-the-box regulations.  In any event, this Court has previously held those regulations to be valid in this context.  See Med. Practice Solutions, LLC v. Commissioner, 132 T.C. __ (2009).  For

employment taxes related to wages paid on or after January 1, 2009, a disregarded entity is treated as a corporation for purposes of employment tax reporting and liability. Sec. 301.7701-2(c)(2)(iv), (e)(5), Proced. & Admin. Regs.; see <u>Med. Practice Solutions, LLC v. Commissioner</u>, <u>supra</u> at __ (slip op. at 7). This amendment does not apply to the instant case.

During all of the taxable periods at issue Ms. Boudreau was the sole member of the LLC. Ms. Boudreau never filed a Form 8832 to have the LLC treated as a corporation for Federal tax purposes. Accordingly, the LLC is disregarded as an entity separate from Ms. Boudreau pursuant to section 301.7701-3(b)(1)(ii), Proced. & Admin. Regs. Thus, Ms. Boudreau is personally liable for the taxes owed by the LLC. It is irrelevant that Ms. Boudreau allowed a third party to use the taxpayer identification number associated with her solely owned LLC. Respondent is thereby authorized to collect the LLC's unpaid taxes from Ms. Boudreau by means of the levy.

To reflect the foregoing,

<u>An order granting respondent's Motion For Summary Judgment and decision for respondent will be entered</u>.